**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD R. LAY, et al., | CIVIL ACTION NO. 09-4009 (MLC) |
| Plaintiffs, | **ORDER TO SHOW CAUSE** |
| v. | |
| MODELL'S SPORTING GOODS, INC., et al., | |
| Defendants. | |

**THE PLAINTIFFS**, who are New Jersey citizens, bringing this action against defendants, Modell's Sporting Goods, Inc. ("Modell's"), Sparq, Inc. ("Sparq"), and Nike, Inc. ("Nike"), on July 1, 2009, in state court to recover damages for injuries caused by an allegedly defective product (dkt. entry no. 1, Am. Compl.); and Nike (1) removing the action based on jurisdiction under 28 U.S.C. § ("Section") 1332, and (2) bearing the burden of demonstrating jurisdiction (dkt. entry no. 1, Rmv. Not.), see 28 U.S.C. § 1446(a); and the Court examining jurisdiction and considering remand of the action sua sponte, 28 U.S.C. § 1447(c); and

**NIKE** alleging — without more — that Sparq "[u]pon information and belief . . . is a foreign corporation with its principal place of business outside of the State of New Jersey" (Rmv. Not. at 2); and it appearing that a corporation is deemed to be a citizen of the state in which it (1) is incorporated, and

(2) has its principal place of business, see 28 U.S.C. § 1332(c)(1); and Nike failing to allege the state in which Sparq (1) was incorporated, and (2) has its principal place of business (see Rmv. Not. at 1-3); and it appearing that the citizenship of Sparq must be determined as "the removal of civil actions from state court to federal court [is authorized] when the action initiated in state court is one that could have been brought, originally, in a federal district court," Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83 (2005); see Seagert v. Smith, No. 03-10237, 2004 WL 539159, at *2 (E.D. Mich. Mar. 15, 2004) (stating removing defendant must show that court initially had Section 1332 jurisdiction over action); and it further appearing that allegations made upon information and belief "do[] not convince the Court that there is diversity among the parties," Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999); and it appearing that citizenship must be "affirmatively and distinctly" demonstrated, S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006); and thus Nike failing to properly allege Sparq's citizenship; and

**IT APPEARING** that a defendant must "obtain the unanimous consent of all defendants before seeking to remove the case to federal court," Step Plan Servs., Inc. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007); and it appearing that Nike removed this action without the consent of Modell's, and thus the removal of the action may have been defective; and

**NIKE** asserting that "[u]pon information and belief, [it] received notice of this action no earlier than July 13, 2009" (Rmv. Not. at 1); and the Court being unable to discern the date upon which Nike, as opposed to Nike's counsel, first received notice of the action for purposes of determining if the action was timely removed, see 28 U.S.C. § 1446(b) (stating that "notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based"); and

**THE COURT** having been prevented from discerning whether each defendant is deemed to be a citizen of a different state in relation to plaintiffs, see 28 U.S.C. § 1332(a)(1); Lincoln Prop., 546 U.S. at 89 (requiring "complete diversity between all plaintiffs and all defendants"); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing," Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004); and the Court thus intending to remand the action unless Nike properly demonstrates (1) Sparq's citizenship as it existed on July 1, 2009, i.e., the state in which Sparq (a) was incorporated, and (b) has its principal place of business, with supporting documentation, (2) that there is jurisdiction under Section 1332, (3) that Modell's has consented to removal, (4) that none of the defendants are New

Jersey citizens, and (5) that the action was removed within the thirty day removal period; and the Court advising Nike that it must specifically assert citizenship as it existed on July 1, 2009; and

**NIKE** being cautioned against restating the allegations from the Notice of Removal or the Amended Complaint; and the Court advising Nike that a response based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction will result in the remand of the action, as Nike should have ascertained jurisdiction before choosing to remove an action to federal court, see Freedman, 180 Fed.Appx. at 320; Vail, 39 F.Supp.2d at 477; and it appearing that, as Nike is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity," CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and for good cause appearing;

**IT IS THEREFORE** on this      14th      day of August, 2009 **ORDERED** that the defendant Nike, Inc. shall **SHOW CAUSE** why the action should not be remanded to state court for the reasons noted above; and

**IT IS FURTHER ORDERED** that the parties, if responding, must file responses with the Court electronically **BY 5 P.M.** on the following dates:

> August 28, 2009     Responses of Nike, Inc. and other defendants
>
> September 8, 2009   Response of plaintiffs; and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[1] and

**IT IS FURTHER ORDERED** that if the defendant Nike, Inc. fails to respond, then it will be deemed to be in support of remand; and

---

[1] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this Order to Show Cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry.  These dates have been set accordingly.  See Freedman, 180 Fed.Appx. at 317-20 (noting district court, in sua sponte inquiry on jurisdiction, provided party only seven days to respond).

5

**IT IS FURTHER ORDERED** that this Order to Show Cause will be decided on **WEDNESDAY, SEPTEMBER 9, 2009,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

                                                  s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge