

45 Broadway, 21st Floor, New York, NY 10006
212.952.1100 • Fax: 212.952.1110
www.hcandglaw.com

Richard E. Barber
Direct: 212.952.1104
richard.barber@hcandglaw.com

July 6, 2010

*Via ECF*

Honorable Lois Goodman
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08609

> *Counsel is to report on the status of service by July 20, 2010. The Court will then schedule a conference to set a schedule for discovery.*
>
> So Ordered this 13th day of July, 2010
> [signature]

Re:   *Howard R. Lay and Joanne Lay v. Modell's Sporting Goods, et al.*
      Civil Action No.: 3:09-CV-04009
      Our File No.: 348-1026

Dear Judge Goodman:

    This firm represents defendant/third-party plaintiff SPARQ Products, Inc. i/s/a "SPARQ, Inc." ("SPARQ") and defendant Nike, Inc. SPARQ has commenced a third-party action against the product manufacturer, Wellpower Sports, based in Hong Kong ("Wellpower"). I write pursuant to Your Honor's directives at the case management conference held on May 24, 2010. Please allow the following to update you on the status of service upon Wellpower.

    On May 5, 2010, we provided the Hong Kong authority with a Third-Party Summons, Third-Party Complaint and additional requisite documents for service upon Wellpower pursuant to the Hague Convention. We understand that the pertinent documents were received by the Hong Kong authority on or about May 14, 2010.

    On May 26, 2010, we wrote to the Hong Kong authority to inquire as to the status of service upon Wellpower. See letter, dated May 26, 2010, attached as Exhibit "A." No response was provided.

    Once again, on June 15, 2010 and June 29, 2010, we wrote to the Hong Kong authority inquiring as to the status of service upon Wellpower. See letters dated June 15, 2010 and June 29, 2010, collectively attached as Exhibit "B." Despite our best efforts, the Hong Kong authority has yet to respond to our requests and have not yet provided any responsive documents, including but not limited to proof of service.

Please note, in addition to the enclosed letters, the undersigned has attempted to speak with the Hong Kong authority via telephone on several occasions. Unfortunately, no one has been available to speak to me and I have likewise been unable to leave a voicemail.

Like the court, we are undoubtedly frustrated by these delays. However, we respectfully request that Your Honor permit us to continue our efforts to effectuate service upon Wellpower for an additional thirty (30) days. As previously addressed with Your Honor and all counsel, Wellpower, as a product manufacturer, is a necessary and essential party to this product liability matter.

We will, immediately advise should we receive any pertinent information relating to completion of service upon Wellpower and with the court's approval, will provide an additional update no later than July 30, 2010.

Thank you for your guidance. We remain available to discuss this matter should Your Honor so desire.

Respectfully submitted,

Richard E. Barber
Haworth, Coleman & Gerstman, LLC

Enc.

cc: Via ECF w/enc.

Edward Slaughter, Jr., Esq.
Pellettieri, Rabstein & Altman
100 Nassau Park Boulevard, Suite 111
CN-5301
Princeton, New Jersey 08543-5301

Patrick J. McStravick, Esq.
Hollstein, Keating, Cattell, Johnson & Goldstein, P.C.
750 Route 73 South
Suite 301
Marlton, New Jersey 08053