
# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

JOHN C. MALONEY, JR.
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966 8180 F: (973) 206 6638
jmaloney@daypitney.com

March 2, 2011

**VIA ECF**

The Honorable Lois H. Goodman
U. S. District Court, District of New Jersey
Clarkson S. Fisher Federal Building
  & U. S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

Re: **Lay v. Modell's Sporting Goods, et al.
Civil Action No.: 09-CV-04009**

Dear Judge Goodman:

We represent Third-Party Defendant Wellpower Sporting Goods Co., Ltd. ("Wellpower") (incorrectly identified as Wellpower Sports Co. Limited) in the above-entitled action. As you know, Wellpower recently appeared in this case after a long delay while Third-Party Plaintiff SPARQ Products, Inc. i/s/a SPARQ, INC. ("SPARQ") attempted to serve it in Kowloon, Hong Kong, China with the Third-Party Summons and Complaint under the Hague Convention.

Wellpower intends to test the Court's exercise of personal jurisdiction over it in this case. (See Second Defense in Wellpower's Answer to Third-Party Complaint). However, rather than move for dismissal at this time, which would be the normal and customary course of action, Wellpower seeks leave to put the Court and SPARQ on

83465532 1

DAY PITNEY LLP

The Honorable Lois H. Goodman
March 2, 2011
Page 2

notice of Wellpower's reservation of its right later in this lawsuit to move to dismiss the Third-Party Complaint. Wellpower believes it should proceed in this fashion to avoid any claim of waiver of its affirmative defense. At the same time Wellpower recognizes the likelihood of a forthcoming clarification in the law of personal jurisdiction as it affects this case, as well as the need to prevent any further delay in the progress of this lawsuit.

### A. The Pertinent Jurisdictional Facts

While Wellpower is still investigating the facts pertinent to this lawsuit, the following appears to be true for purposes of any personal jurisdictional analysis: During the time period relevant to this lawsuit, Wellpower, the alleged manufacturer of the resistance band that purportedly caused injury to plaintiff, Howard Lay, had no presence in New Jersey or, indeed, in the United States. Wellpower had no offices, facilities, employees, or sales agents in the United States or New Jersey. The resistance band at issue may have been manufactured at Wellpower's facility in China and shipped to a SPARQ distribution site in the Midwest and thereafter sold to a Modell's store in New Jersey. Other than knowing that its product would be sold in the United States by SPARQ, Wellpower had no other connection with either the United States market or the state of New Jersey.

### B. Personal Jurisdiction Cases Now Pending Before The Supreme Court

The Supreme Court of the United States currently has two cases *sub*

83405532.1

**DAY PITNEY** LLP

The Honorable Lois H. Goodman
March 2, 2011
Page 3

*judice* that address the issue whether a state court can, consistent with the Due Process Clause, exercise personal jurisdiction over a foreign manufacturer, such as Wellpower, when the manufacturer's only contact with the foreign state is its targeting of the United States market for the sale of its product, its product is sent into the "stream of commerce," the product is distributed by a different entity and it injures a forum state consumer. See *J. McIntyre Machinery Ltd. v. Nicastro,* No. 09-1343, and *Goodyear Luxembourg Tires S.A. v. Brown*, No. 10-76. The Supreme Court heard oral argument on January 11, 2011 and decisions are expected before the end of the current term in June 2011.

The *Nicastro* case comes from the New Jersey Supreme Court on a writ of certiorari. 201 N.J. 48 (2010), *cert. granted*, 2010 WL 1789 343 (U.S. Supreme Court) (September 28, 2010). In upholding the existence of personal jurisdiction, the majority of the New Jersey Supreme Court adopted the "stream of commerce" standard (the so-called Justice "Brennan" test) from *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987). The "Brennan" test holds that "a foreign manufacturer that places a defective product in the stream of commerce through a distribution scheme that targets a national market, which includes New Jersey, may be subject to the *in personam* jurisdiction of a New Jersey court in a product liability action." 201 N.J. at 70. The majority also rejected the stricter "stream of commerce *plus*" standard (the so-called Justice "O'Connor" test from *Asahi*) which required, in addition to the factors set forth in the "Brennan test," some conduct by the manufacturer "purposefully directed toward the

83465532.1

**DAY PITNEY** LLP

The Honorable Lois H. Goodman
March 2, 2011
Page 4

forum state" indicating "an intent or purpose to serve the market in the forum state." 201 N.J. at 68. If the Supreme Court ultimately adopts the "stream of commerce *plus*" standard, or something close to it, that requires the defendant to have purposefully availed itself of the market in the forum state, it is highly doubtful that Wellpower would satisfy that test for constitutional "minimum contacts" with New Jersey. In any event, the Supreme Court decision is likely to provide definitive guidance on the federal constitutional issues involved in the exercise of personal jurisdiction in cases like this one.

### C. The Current Third Circuit Position On the Constitutional Issues of Personal Jurisdiction

This Court and the United States Court of Appeals for the Third Circuit are not bound by New Jersey's *Nicastro* decision regarding the requirements of federal constitutional law in a stream of commerce product liability case. Moreover, the Third Circuit has not yet determined whether the "O'Connor" or "Brennan" test for constitutional "minimum contacts" controls. *See, e.g., Pennzoil Products Co. v. Colelli & Associates*, 149 F.3d 197, 207 and n. 13 (3d Cir. 1998). Therefore, this Court would be free to decide the issues raised by Wellpower's motion to dismiss for lack of personal jurisdiction.

However, as a practical matter, the Supreme Court is likely to rule on the federal constitutional issues before any decision on Wellpower's motion to dismiss could be entered and, if certified, could be appealed to the Third Circuit. Wellpower therefore

83465532.1

DAY PITNEY LLP

The Honorable Lois H. Goodman
March 2, 2011
Page 5

respectfully submits that in the interests of judicial economy and efficiency, it makes sense to wait and study what the Supreme Court decides before Wellpower determines whether it should file a motion to dismiss based on the absence of personal jurisdiction. At the same time Wellpower does not seek a stay of this action but will proceed with discovery so that the case will not be further delayed.

We are prepared to discuss Wellpower's proposal at the next status conference or at the Court's convenience.

Respectfully submitted,

/s/ JOHN C. MALONEY, JR.
JOHN C. MALONEY, JR.

JCM/af

cc:  Richard E. Barber, Esq. (via ECF)
     Edward Slaughter, Esq. (via ECF)
     Patrick J. McStavick, Esq. (via ECF)

83465532.1