UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
HOWARD R. LAY and JOANNE LAY, his wife,

                              Plaintiff(s),

            -against-

MODELL'S SPORTING GOODS; SPARQ, INC.,
NIKE, INC., ABC, INC. (1-10), and JOHN DOE
(1-10), said names ABC, Inc. (1-10), and John
Doe (1-10), being fictitious, jointly, individually,
and in the alternative,

                              Defendants.
---------------------------------------------------------------x
SPARQ PRODUCTS, INC.,

                         Third-Party Plaintiff,

            -against-

WELLPOWER SPORTS CO., LIMITED

                      Third-Party
Defendant.
---------------------------------------------------------------x

Civil Action No.: 09-CV-4009 (MLC)

**REVISED PRETRIAL SCHEDULING ORDER**

**THIS MATTER** having come before the Court on **June 24, 2011**, for a discovery status conference, Robert J. Janzekovich, Esq., of Pellettieri, Rabstein & Altman, appearing on behalf of Plaintiffs; Patrick McStravick, Esq., of Hollstein, Keating, Catell, Johnson & Goldstein, PC, appearing on behalf of Defendant Modell's Sporting Goods; Richard E. Barber, Esq., of Haworth, Coleman & Gerstman, LLC, appearing on behalf of Defendants Sparq Products, Inc. and Nike, Inc.; and John Maloney, Esq., of Day Pitney LLP, appearing on behalf of Wellpower Sports Co.; and for good cause shown,

IT IS on this 30th day of June, 2011,

**ORDERED** that fact discovery is to remain open through **August 19, 2011**; and it is further

**ORDERED** that an in-person settlement conference will proceed on **August 31, 2011, 10:00 a.m.** before Honorable Lois H. Goodman, U.S.M.J. *Counsel and parties with full authority to settle the case are to be present in person; a representative of Defendant Wellpower may appear by telephone*; and it is further

**ORDERED** that plaintiff provide a settlement demand by no later than **August 11, 2011**; and it is further

**ORDERED** that all settlement position papers are to be submitted to the court, *ex parte,* by **August 26, 2011;** and it is further

**ORDERED** that the parties shall serve any affirmative expert reports by no later than **September 30, 2011**; and it is further

**ORDERED** that the parties shall serve any rebuttal expert reports by no later than **November 15, 2011**; and it is further

**ORDERED** that the parties will complete all expert discovery by **January 6, 2012**; and it is further

**ORDERED** that dispositive motions may be filed by no later than **February 10, 2012**, and made returnable by **March 5, 2012.** Counsel are to notify Chambers within five days of a decision on any dispositive motions; and it is further

**ORDERED** that counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court.  Any such dispute shall be brought to the Court's attention by letter, no more than five pages in total, setting forth the nature of the dispute and any efforts to resolve it.  Any response shall be similarly limited to five pages in total and shall be submitted within 48 hours of the initial letter.  **No discovery motion or motion for leave to amend will be entertained absent leave of Court and counsel's full compliance with L. Civ. R. 37.1(a)(I);** *see also* **L. Civ. R. 16.1(f)**; and it is further

**ORDERED** that a date for the final pretrial conference will be set at a later date; and it is

**ORDERED** that the attorneys for all parties are further directed to meet together by agreement, initiated by Plaintiff's counsel no later than 20 days before the date of the pretrial conference to:

    a.    discuss settlement;

    b.    stipulate to as many facts and issues as possible;

    c.    prepare a Final Pretrial Order in the form and content as required by the Court.  Plaintiffs' counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution.  The original and one copy of the executed Final Pretrial Order will be delivered to the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d.    examine all exhibits and documents proposed to be used at trial;

  e. complete all other matters which may expedite both the pretrial and trial of the case; and

  f. an original and one copy of the proposed Final Pretrial Order is to be submitted five days in advance of the conference.

 **ORDERED** that appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed; and it is further

 **ORDERED** that at the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone; and it is further

 **ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties; and it is further

 **ORDERED** that the Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel; and it is further

 **ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

 **ORDERED** that any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order. See Panzy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (1995); Fed. R. Civ. P. 26(c); and L. Civ. R. 5.3; and it is further

 **ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Ivannya Jimenez at 609-989-2114; and it is further

 **ORDERED** that counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop access/printer, copier and fax.

               _____
               **HONORABLE LOIS H. GOODMAN**
               **United States Magistrate Judge**