**DAY PITNEY LLP**
ONE JEFFERSON ROAD, PARSIPPANY, NJ. 07054-2891
(973) 966-6300

ATTORNEYS FOR Third-Party Defendant
Wellpower Sporting Goods Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD R. LAY and JOANNE LAY, his wife, : | Civil Action No. 09-CV-04009 (LMG) |
| Plaintiff, : | |
| v. : | **CERTIFICATION OF** |
| : | **TERRI HUANG** |
| MODELL'S SPORTING GOODS; SPARQ, INC., NIKE, INC., ABC, INC. (1-10), and : | **IN SUPPORT OF** |
| | **MOTION TO DISMISS OF** |
| | **THIRD-PARTY DEFENDANT** |
| John Doe (1-10), being fictitious, jointly, individually, and in the alternative, | **WELLPOWER SPORTING** |
| | **GOODS CO., LTD.** |
| Defendants. | |
| | **DOCUMENT FILED** |
| | **ELECTRONICALLY** |
| SPARQ PRODUCTS, INC., : | |
| : | |
| Third-Party Plaintiff, : | |
| v. : | |
| : | |
| WELLPOWER SPORTS CO., LIMITED, : | |
| Third-Party Defendant. : | |

I, TERRI HUANG, of full age, upon her oath, hereby certifies as follows:

1.      I am the Senior Manager of Wellpower Sporting Goods Co., Ltd. ("Wellpower"), a Third-Party Defendant in this lawsuit

2.      I submit this certification in support of Wellpower's motion to dismiss for lack of personal jurisdiction based upon my personal knowledge of the relevant facts.

3.      Wellpower is a manufacturer of sporting goods and equipment, located in Keng Kou Industrial Zone, Liao Bu Town, Dong Guan City, Guang Dong, People's Republic of China. Wellpower does not sell products under its own brand name; rather, Wellpower manufacturers products specifically for other companies for resale under that company's brand name.

4.      Wellpower has no office in the state of New Jersey.

5.      Wellpower does not have any officers, agents, representatives, or employees in New Jersey and has not sent any officers, agents, representatives or employees to New Jersey.

6.      Wellpower neither pays taxes nor owns nor leases any property in New Jersey.

7.      Wellpower has not engaged in any advertising and/or sales efforts, including use of the Internet, targeting New Jersey in particular or the United States in general.

8.      Wellpower has not sold or shipped products directly to consumers in New Jersey. Any Wellpower product in New Jersey arrived in this jurisdiction as a result of its having been purchased in China by SPARQ Products, Inc. and later Nike, Inc., and then offered by their customers for resale in New Jersey .

- 2 -

9.      Wellpower does not sell and has not sold any products on consignment to a distributor.

10.     Wellpower does not hold any United States patents.

11.     Annexed hereto as Exhibit A is a true and accurate copy of the Response of Third-Party Defendant Wellpower Sporting Goods Co., Ltd. to Interrogatories of Third-Party Plaintiff SPARQ Products, Inc., which address the facts relevant to the issue of personal jurisdiction.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

Dated: July 20 2011

TERRI HUANG

# EXHIBIT A

DAY PITNEY LLP
ONE JEFFERSON ROAD, PARSIPPANY, N.J. 07054-2891
(973) 966-6300

ATTORNEYS FOR Third-Party Defendant
Wellpower Sporting Goods Co., Ltd.

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOWARD R. LAY and JOANNE LAY, his wife, | : | Civil Action No. 09-CV-04009 (MLC) (LHG) |
| Plaintiff, | : | |
| v. | : | |
| MODELL'S SPORTING GOODS; SPARQ, INC., NIKE, INC., ABC, INC. (1-10), and John Doe (1-10), being fictitious, jointly, individually, and in the alternative, | : | **RESPONSE OF THIRD-PARTY DEFENDANT WELLPOWER SPORTING GOODS CO., LTD. TO INTERROGATORIES OF THIRD-PARTY PLAINTIFF SPARQ PRODUCTS, INC.** |
| Defendants. | : | |

| | |
|---|---|
| SPARQ PRODUCTS, INC., | : |
| Third-Party Plaintiff, | : |
| v. | : |
| WELLPOWER SPORTS CO., LIMITED, | : |
| Third-Party Defendant. | : |

83564851.1

Third-Party Defendant Wellpower Sporting Goods Co., Ltd. (incorrectly identified as Wellpower Sports Co. Limited) ("Wellpower"), by its attorneys, Day Pitney LLP, hereby responds to the Interrogatories of Third-Party Plaintiff SPARQ Products Inc. ("SPARQ") as follows:

## GENERAL OBJECTIONS AND LIMITATIONS

In providing the following responses to the Interrogatories, certain limitations and general objections apply:

1.     Wellpower objects to all of the Interrogatories to the extent that they seek privileged communications, attorney work product or trial preparation materials which are protected from disclosure under New Jersey and federal law.

2.     Wellpower objects to all of the Interrogatories to the extent that they are overly broad or unduly burdensome, seek irrelevant information, are not reasonably calculated to lead to the discovery of admissible evidence, or are vague, ambiguous, unintelligible and uncertain.

3.     Wellpower objects to all of the Interrogatories to the extent they seek information for the time period after the date of plaintiff's alleged accident on July 26, 2007 because such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence .

4.     Wellpower objects to all of Third-Party Plaintiff's Definitions to the extent that they seek to impose greater or different discovery obligations upon Wellpower than are required under the Federal Rules of Civil Procedure.

## WELLPOWER'S RESPONSES

**INTERROGATORY No. 1:**

Did Wellpower maintain any offices in New Jersey between 2001 and the present?

**Response to Interrogatory No. 1:**    No.

**INTERROGATORY No. 2:**

If the answer to the preceding interrogatory is in the affirmative, set forth where such office(s) was located specifying the pertinent time period.

**Response to Interrogatory No. 2:**    Not applicable.

**INTERROGATORY No. 3:**

Did Wellpower employ individuals working or living in New Jersey at any time between 2001 and the present?

**Response to Interrogatory No. 3:**    No.

**INTERROGATORY No. 4:**

If the answer to the preceding interrogatory is in the affirmative, identify each and every employee residing or working in New Jersey, specifying the pertinent time period.

**Response to Interrogatory No 4:**    Not applicable.

**INTERROGATORY No. 5:**

Did Wellpower own or lease any real estate in New Jersey between 2001 and the present?

**Response to Interrogatory No. 5:**    No.

**INTERROGATORY No. 6:**

If the answer to the preceding interrogatory is in the affirmative, identify the location of such property(ies), specifying the time of ownership/rental.

**Response to Interrogatory No. 6:**    Not applicable.

**INTERROGATORY No. 7:**

Did Wellpower maintain any bank accounts within New Jersey between 2001 and the present?

**Response to Interrogatory No. 7:**    No.

**INTERROGATORY No. 8:**

If the answer to the preceding interrogatory is in the affirmative, identify the financial institution where such accounts were maintained, specifying the pertinent time period.

**Response to Interrogatory No. 8:**    Not applicable.

**INTERROGATORY No. 9:**

Identify any and all individuals or entities located in New Jersey that Wellpower has done business with between 2001 and the present.

**Response to Interrogatory No. 9:**    None.

**INTERROGATORY No. 10:**

Identify any and all occurrences in which Wellpower shipped or otherwise provided goods directly to individuals or entities in New Jersey between 2001 and the present.

**Response to Interrogatory No. 10:**   Wellpower objects to this Interrogatory to the extent that the term "occurrences" is undefined, and is vague, ambiguous, unintelligible and uncertain. Notwithstanding the foregoing, and without waiving its objection, Wellpower responds as follows:  Wellpower did not ship or otherwise provide goods directly to individuals or entities in New Jersey between 2001 and the present.

**INTERROGATORY No. 11:**

Identify (a) each and every Wellpower employee and/or representative that has traveled to New Jersey in the course and scope of his/her employment between 2001 and the present; (b) specifying the dates of travel; and (c) the business purpose of travel.

**Response to Interrogatory No. 11:**   None.

**INTERROGATORY No. 12:**

Identify the amount of sales, in United States currency, earned by Wellpower in connection with any products sold in New Jersey between 2001 and the present.

**Response to Interrogatory No. 12:**   Wellpower does not sell any products to any individuals or entities located in New Jersey.   Accordingly, Wellpower derives no compensation from sales of products in New Jersey.

**INTERROGATORY No. 13:**

Did Wellpower advertise in New Jersey between 2001 and the present?

**Response to Interrogatory No. 13:**   No.

**INTERROGATORY No. 14:**

If the answer to the preceding interrogatory is in the affirmative, set forth in detail the extent and nature of such advertising.

**Response to Interrogatory No. 14:**   Not applicable.

**INTERROGATORY No. 15:**

Did Wellpower advertise through the internet between 2001 and the present?

**Response to Interrogatory No. 15:**   No.

**INTERROGATORY No. 16:**

If the answer to the preceding interrogatory is in the affirmative, set forth in detail the extent and nature of such advertising.

**Response to Interrogatory No. 16:**   Not applicable.

**INTERROGATORY No. 17:**

Did Wellpower pay any taxes of any sort to the State of New Jersey between 2001 and the present?

**Response to Interrogatory No. 17:** No.

**INTERROGATORY No. 18:**

If the answer to the preceding interrogatory is in the affirmative, set forth in detail the extent and nature of the taxes paid.

**Response to Interrogatory No. 18:** Not applicable.

**INTERROGATORY No. 19:**

Did Wellpower consign goods to any entity or individual located in New Jersey between 2001 and the present?

**Response to Interrogatory No. 19:** No.

**INTERROGATORY No. 20:**

If the answer to the preceding interrogatory is in the affirmative, set forth in detail: (a) who the goods were consigned to; (b) what goods were consigned; and (c) the pertinent time periods of such consignment.

**Response to Interrogatory No. 20:** Not applicable.

**INTERROGATORY No. 21:**

Identify the number of SPARQ Training Resistance Bands that Wellpower has manufactured and shipped to the United States from 2005 to the present.

**Response to Interrogatory No. 21:** Wellpower objects to this Interrogatory on the grounds that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving its objection ,

Wellpower responds as follows:  The shipping documents regarding SPARQ Training Resistance Bands in Wellpower's possession have already been produced to SPARQ.  The determination of how many SPARQ Training Resistance Bands were manufactured and shipped to the United States from China during the relevant time period can be as readily determined by SPARQ as by Wellpower, as permitted by Fed. R. Civ. 33(d).

As To The Objections:

By:  _____

JOHN C. MALONEY, JR.
DAY PITNEY LLP
One Jefferson Road
Parsippany, New Jersey 07054-2891

Attorneys for Third-Party Defendant
Wellpower Sporting Goods Co., Ltd.

DATED: July 20, 2011

## CERTIFICATION

I am the Senior Manager of Wellpower Sporting Goods Co., Ltd. ("Wellpower") and am authorized by Wellpower to submit this Certification on Wellpower's behalf. I have read the foregoing Response of Third-Party Defendant Wellpower Sporting Goods Co., Ltd. to Interrogatories of Third-Party Plaintiff SPARQ Products, Inc. and am familiar with the contents thereof. I certify that the foregoing responses to Interrogatories by Wellpower are true to the best of my knowledge after a diligent search and review of Wellpower's records. I am aware that if any of the foregoing answers are willfully false, I am subject to punishment.

DATE SIGNED: July 20, 2011

TERRI HUANG
SENIOR MANAGER
WELLPOWER SPORTING GOODS CO., LTD.

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the within Response to Interrogatories of Third-Party Plaintiff SPARQ Products, Inc. on behalf of Third-Party Defendant Wellpower Sporting Goods Co., Ltd., was served via regular mail upon:

Richard Evan Barber, Esq.
Haworth Coleman & Gerstman, LLC
45 Broadway, 21st Floor
New York, New York  10006
Attorneys for SPARQ, Inc.

Edward Slaughter, Jr., Esq.
Pellettieri, Rabstein & Altman
100 Nassau Park Boulevard, Suite 111
Princeton, NJ  08540
Attorneys for Howard Lay and Joanne Lay

Patrick J. McStravick, Esq.
Hollstein Keating Cattell Johnson & Goldstein PC
Willow Ridge Executive Office Park
750 Route 73 South, Suite 301
Marlton, NJ 08053
Attorneys for Modell's Sporting Goods

Martin M. Adler, Esq.
Strongin Rothman & Abrams LLP
70 South Orange Avenue, Suite 240
Livingston, NJ 07039
Attorneys for Nike, Inc.

FLORICE E. PRESSMAN

Dated: July 2011