# DAY PITNEY LLP

BOSTON    CONNECTICUT    NEW JERSEY    NEW YORK    WASHINGTON, DC

JOHN C. MALONEY, JR.
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966 8180 F: (973) 206 6638
jmaloney@daypitney.com

July 29, 2011

**VIA ECF**

The Honorable Lois H. Goodman
U. S. District Court, District of New Jersey
Clarkson S. Fisher Federal Building
   & U. S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

> Re:   **Lay v. Modell's Sporting Goods, et al.**
>        **Civil Action No.: 09-CV-04009**

Dear Judge Goodman:

This firm represents Third-Party Defendant Wellpower Sporting Goods Co., Ltd. ("Wellpower") (incorrectly identified as Wellpower Sports Co. Limited) in the above-entitled action. We write in response to the letter to the Court from Third-Party Plaintiff SPARQ Products, Inc. i/s/a SPARQ, Inc. ("SPARQ") dated July 18, 2011 (the "SPARQ letter"), and to advise Your Honor of further developments in support of Wellpower's application for a stay of its discovery obligations and to be excused from the scheduled settlement conference on August 31, 2011 pending a decision on its motion to dismiss for lack of personal jurisdiction.

First, as promised in its July 11, 2011 letter, Wellpower promptly filed its motion to dismiss for lack of personal jurisdiction based on the recent decision of the

83585431.1

**DAY PITNEY** LLP

The Honorable Lois H. Goodman
July 29, 2011
Page 2

Supreme Court of the United States in *J. McIntyre Machinery Ltd. v. Nicastro*, No. 09-1343. Wellpower's motion to dismiss is returnable on September 6.

Second, as also promised in its July 11 letter, Wellpower responded to SPARQ's Interrogatories on July 20, 2011. Those Interrogatories inquired into the facts relevant to the issue of personal jurisdiction. Wellpower has also responded to SPARQ's request for documents. As a result, Wellpower has no further pending written discovery obligations to SPARQ. However, there are forthcoming fact witness depositions and expert disclosure deadlines in early August. Wellpower respectfully seeks a stay from these "party" discovery obligations (as opposed to any of its non-party discovery obligations listed by SPARQ (SPARQ letter, at p. 2)) pending the Court's decision on the merits of its motion to dismiss.

Third, in response to SPARQ's concern (as expressed in its letter (at p. 1)) regarding the factual support for the absence of any basis for this Court's personal jurisdiction over Wellpower, SPARQ need not rely on the representations of Wellpower's counsel. SPARQ now has Wellpower's responses to SPARQ's Interrogatories and the Certification of Terri Huang, Senior Manager of Wellpower for Products, in support of Wellpower's motion to dismiss. Wellpower therefore awaits SPARQ's response to Wellpower's request for voluntary dismissal to avoid delay in the resolution of this lawsuit. SPARQ promised to give its response promptly. SPARQ, of course, is well aware of the absence of Wellpower's contacts with New Jersey as a result of SPARQ's extensive and prolonged efforts to serve Wellpower with its Third-

**☐ DAY PITNEY** LLP

The Honorable Lois H. Goodman
July 29, 2011
Page 3

Party Complaint.   SPARQ consumed approximately a year in its efforts to serve Wellpower under the Hague Convention in the People's Republic of China.

Fourth, Wellpower respectfully submits that it should not be required to participate in a Settlement Conference until the issue of whether the Court has any basis for exercising personal jurisdiction over it in this lawsuit is decided.   Requiring Wellpower to send a representative from China to Trenton to discuss settlement of a lawsuit to which it may not be a proper party could defeat, or certainly will reduce the likelihood of success of, the intended purpose of the conference.  It would also impose a significant burden and hardship on Wellpower.   Moreover, SPARQ's purported justification for requiring Wellpower's participation in the August 31 settlement conference in New Jersey — because SPARQ may file a future action against Wellpower in "Wisconsin and/or California" (assuming SPARQ could properly obtain personal jurisdiction over Wellpower there) — makes no legal, practical or common sense.  (SPARQ letter, at p. 2).  It is based on the mistaken belief that SPARQ's convenience can serve as a substitute for the absence of judicial power over Wellpower in this lawsuit.  Because Wellpower's motion to dismiss will remain pending at the time of the scheduled August 31 Settlement Conference, Wellpower requests that it be excused from participating in that conference.

**₫P DAY PITNEY ᴸᴸᴾ**

The Honorable Lois H. Goodman
July 29, 2011
Page 4

       Wellpower respectfully requests a telephone conference with Your Honor

to discuss Wellpower's application.

Respectfully submitted,


<u>/s/ JOHN C. MALONEY, JR.</u>
JOHN C. MALONEY, JR.

JCM/af

cc:    Richard E. Barber, Esq. (via ECF)
       Edward Slaughter, Esq. (via ECF)
       Patrick J. McStavick, Esq. (via ECF)
       Martin M. Adler, Esq. (via ECF)